UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SIDIYA ALEITE,

             Petitioner,

v.

                                      Case No. 1:26-cv-400
                                      Honorable Jane M. Beckering

KRISTI NOEM et al.,

            Respondents.
_____/

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**       **Procedural History**

In Petitioner's § 2241 petition, Petitioner initially challenged the constitutionality of his current detention based on Respondents' alleged failure to hold a bond hearing. Petitioner asked the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing that placed the burden of proof on the Department of Homeland Security (DHS). (Pet., ECF No. 1, PageID.17.) In an Order entered on February 10, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.)

On February 13, 2026, Respondents filed a motion to dismiss claiming that the petition was moot. (ECF No. 4.) Respondents explained:

> On January 2, 2026, the Detroit Immigration Court conducted a bond hearing in Petitioner's case, where bond was denied because the Immigration Judge determined that the Department of Homeland Security ("DHS") established by a preponderance of the evidence that Petitioner was a flight risk. As a result, the petition is moot.

(*Id.*, PageID.74.)

Petitioner filed his reply later that same day. (ECF No. 5.) He argued that the bond hearing provided by DHS was unconstitutional; he challenges the Immigration Judge's application of the burden of proof. (*Id.*, PageID.108.)

## II.     Relevant Factual Background

Petitioner is a native and citizen of Mauritania who entered the United States without inspection during July of 2023. (Pet., ECF No. 1, PageID.1, 4; Notice to Appear (NTA), ECF No. 4-3, PageID.92.) DHS encountered Petitioner during August of 2023, charging Petitioner with violation of § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because he was an alien present in the United States without being admitted or paroled or who arrived at any time or place other than as designated by the Attorney General. (NTA, ECF No. 4-3, PageID.92.) DHS released Petitioner into the United States on his own recognizance. (Order of Release on Recognizance, ECF No. 4-5, PageID.98.)

On November 25, 2025, ICE arrested Petitioner and then detained him at the North Lake Processing Center.

## III.    Discussion

Respondents argue that the petition is moot because Petitioner has already participated in a bond hearing. Petitioner contends his petition is not moot because the Immigration Judge did not apply a constitutionally appropriate burden of proof. For the reasons set forth in *Soto-Medina v.*

2

*Lynch et al.*, No. 1:25-cv-1704 (W.D. Mich. Jan. 21, 2026), the Court agrees that Respondents did not apply an appropriate burden of proof and, therefore, the bond hearing did not moot the petition. Respondents also claim that the Court should deny Petitioner's § 2241 petition because of Petitioner's failure to exhaust his administrative remedies, as well as on the merits. The Court has also fully addressed these issues and Respondents' arguments in *Soto-Medina*. Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.  Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status

report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:  March 11, 2026	/s/ Jane M. Beckering
	Jane M. Beckering
	United States District Judge

4